Derrick PARCHMAN, Plaintiff–
Appellant,

v.

Alphonso HARPER, et al.,
Defendants–Appellees.

No. 00–1713.

United States Court of Appeals,
Sixth Circuit.

May 1, 2001.

Before BOGGS and CLAY, Circuit
Judges; ROBERTS, District Judge.*

## ORDER

Derrick Parchman, a pro se Michigan
prisoner, appeals a district court order

dismissing his civil rights action as frivolous. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Apparently seeking monetary and injunctive relief, Parchman sought the appointment of an attorney and various experts because he was not pleased with the testimony given by various witnesses during his criminal trial held in the mid–1980's. Because of the incomprehensible nature of the complaint and the hundreds of pages of attachments, the district court dismissed the complaint as frivolous.

In his rambling brief on appeal, Parchman continues to request the appointment of counsel "for the purpose of preserving documents, records, and testimony at trial," and argues that the district court erred in failing to note that he sought monetary damages, that he was unfairly denied his day in court, that he was being discriminated against because he is poor, and that he is factually innocent as the state withheld evidence at his trial.

The district court's order is reviewed de novo. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

The district court properly dismissed the complaint as frivolous. A complaint is deemed frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Although Parchman's complaint is incoherent, his brief on appeal does provide some clarity.

Parchman's complaint was filed pursuant to 42 U.S.C. § 1983. Because Parchman complains on appeal that the evidence from his criminal trial needs to be pre-

---

* The Honorable Victoria A. Roberts, United States District Judge for the Eastern District of Michigan, sitting by designation.

served and that he is innocent of the crime for which he was convicted, it appears that Parchman is attacking the validity of his criminal conviction. As such, Parchman's complaint is frivolous as a matter of law under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck,* the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. As Parchman is attacking the validity of his conviction, the complaint was dismissable pursuant to *Heck.*

Accordingly, we deny Parchman's request for counsel and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.